IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CHERYL TOLLIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 3:09CV372–HEH |
| ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff's Objections to United States Magistrate Judge's Report and Recommendation (Dk. No. 16), filed on April 27, 2010. The Report and Recommendation of the Magistrate Judge ("R&R") affirmed the Social Security Administration ("SSA")'s denial of Disability Insurance Benefits and Supplemental Security Income. The Defendant Commissioner of the SSA based his denial of benefits on an Administrative Law Judge ("ALJ")'s determination that Plaintiff was not disabled as defined by the Social Security Act and applicable regulations. For the reasons stated below, Plaintiff's objections are OVERRULED. This Court hereby ADOPTS Judge Dohnal's R&R DENYING Plaintiff's motions for summary judgment and remand, GRANTING Defendant's motion for summary judgment, and AFFIRMING the Commissioner's decision.

# I. BACKGROUND

In determining a claimant's eligibility for Disability Insurance Benefits and Supplemental Security Income, an ALJ conducts for the Commissioner a five-step sequential evaluation. 20 C.F.R. §§ 416.920, 404.1520. The ALJ considers whether an applicant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) is capable of performing his or her past relevant work; and (5) is capable of adjusting to other work. 20 C.F.R. §§ 416.920(a)(4), 404.1520(a)(4).

If, at any step of the evaluation, the ALJ determines the applicant is or is not disabled, the inquiry ends and the ALJ will not proceed to the next step. *Id.* The claimant bears the burden on steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). If, however, the analysis reaches step five, the burden shifts to the Commissioner. *Bowen*, 482 U.S. at 146 n.5.

In this case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the onset of her alleged disability. (R. 17, 80.) The ALJ then found that Plaintiff had impairments of bone spurs, arthritis, degenerative changes in the right acromioclavicular joint with tendinosis and probable tear, and asthma, but these impairments did not meet any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. 17–19). At step four, the ALJ determined that Plaintiff could perform her past relevant work as a security monitor because such work did not require activities precluded by

Plaintiff's residual function capacity ("RFC"). (R. 22.) Accordingly, the ALJ did not proceed to step five, but rather concluded that Plaintiff was not disabled and thus not entitled to benefits. (R. 22–23.)

Plaintiff sought judicial review of the ALJ's decision, arguing that the ALJ (1) failed to consider whether Plaintiff was disabled pursuant to Listing 3.02C; (2) failed to consider all of Plaintiff's alleged impairments; and (3) erred in finding that Plaintiff could perform past relevant work. (R&R 7.) Judge Dohnal concluded that the ALJ's determination was supported by substantial evidence. (R&R 23.) Accordingly, he recommended that Plaintiff's motions for summary judgment and remand be denied, Defendant's motion for summary judgment be granted, and the final decision of the Commissioner be affirmed. *Id.*

Plaintiff now objects to the R&R.

## II. STANDARD OF REVIEW

When reviewing a denial of benefits by the Commissioner pursuant to 42 U.S.C. § 405(g), the Court must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir.

2005). In other words, substantial evidence requires more than a scintilla, but less than a preponderance of the evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

In determining whether substantial evidence exists, the Court must consider the record as a whole. *Wilkins v. Sec'y Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991), *superseded on other grounds*, 20 C.F.R. § 404.1527. The Court may not, however, weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. *Mastro*, 270 F.3d at 176. In short, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at 653.

### III. ANALYSIS

Plaintiff objects to the R&R on three separate grounds: (1) the magistrate improperly made factual findings where the ALJ failed to expressly state Plaintiff was not disabled pursuant to Listing 3.02C; (2) the magistrate improperly engrafted an issue-exhaustion waiver requirement on Plaintiff's obesity claim; and (3) the ALJ did not adequately consider a state-agency psychological consultant's findings when determining whether Plaintiff could perform her past relevant work. These issues are addressed in turn below.

A. *The R&R Did Not Make Improper Findings of Fact Regarding Listing 3.02C.*

Plaintiff argues that, because the ALJ did not expressly state Plaintiff was not

disabled pursuant to Listing 3.02C, 20 C.F.R. pt. 404, subpt. P, app. 1, (pt. A), § 3.02, the R&R erred in making a "factual finding" that Plaintiff was not within the ambit of Listing 3.02C. (Pl.'s Objections 1.)

A listing-level impairment is one that renders an individual presumptively disabled, regardless of age, education, and work experience. *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990); 20 C.F.R. §§ 416.925(a), 404.1525(a). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Zebley*, 493 U.S. at 530. The claimant bears the burden of showing she meets all of the relevant criteria. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); 20 C.F.R. §§ 416.925(d), 404.1525(d).

Judge Dohnal concluded that, notwithstanding the ALJ's failure to explicitly address Listing 3.02C, substantial evidence supported a finding that Plaintiff was not disabled. (R&R 8.) Plaintiff argues this finding contravenes the Fourth Circuit decision in *Cook v. Heckler*, 783 F.2d 1168 (4th Cir. 1986). In *Cook*, the ALJ failed to compare Cook's symptoms to any of the four possible listings that applied to the plaintiff's arthritis, even though the plaintiff "clearly demonstrated" several symptoms in the various listings. 783 F.2d at 1173. The Fourth Circuit reversed the district court with instructions to remand to the SSA, because the ALJ failed to explain listings he considered relevant. *Id.* at 1174. Without such explanation, it was "impossible" to tell whether there existed

5

substantial evidence to support the Secretary's determination. *Id.*

In this case, the ALJ thoroughly discussed the evidence relating to Plaintiff's condition and explicitly compared Plaintiff's impairments to the requirements of Listings 3.02A and 3.03B. Although the ALJ did not explicitly discuss Listing 3.02C, it was not required to do so. *See Ours v. Astrue*, No. 07-112, 2008 WL 4467161, at *14 (N.D.W. Va. Sept. 30, 2008) ("[T]he ALJ is not required to analyze each subsection."). The Fourth Circuit in *Cook* did not "opine that each subsection of one listing must be addressed in an analysis." *Id.*

Further, *Cook* is easily distinguishable. In *Cook*, it was "impossible" for the court to determine whether the SSA's determination was supported by substantial evidence without an explanation of the sections considered relevant by the ALJ. In this case, the Court is able to conclude from the record that the SSA's denial of benefits was supported by substantial evidence.

In order to match Listing 3.02C, the evidence must demonstrate a single breath diffusing capacity of the lung for carbon monoxide ("DLCO") less than 10.5 ml/min/mm Hg or less than 40 percent of the predicted normal value. 20 C.F.R. pt. 404, Subpt. P, app. 1, (pt. A), § 3.02C. "The DLCO value used for adjudication should represent the mean of *at least two* acceptable measurements." *Id.* § 3.00(F)(1) (emphasis added). As Judge Dohnal noted in his R&R, Plaintiff's pulmonary function results form included only one measure of a DLCO breath, and nothing in the record indicated that two

acceptable measurements were ever taken. (R&R 8; *see also* R. 322–24.)

Moreover, the test results alone are insufficient to support a claim of disability. *Jones v. Barnhardt*, 364 F.3d 501, 504 (3d Cir. 2004); *Alexander v. Astrue*, No. 07-4913, 2008 U.S. Dist. LEXIS 114172, at *26 (E.D. Pa. Aug. 5, 2008); *see also Dye v. Barnhart*, 180 Fed. Appx. 27, 28 (10th Cir. 2006) (reporting ALJ's finding that, although claimant's test results fell within the parameters of the respiratory Listings, the balance of the evidence indicated she could demonstrate sufficient pulmonary capacity). The introductory note to the regulations governing listed respiratory impairments explains that the testing values should not be analyzed in isolation from other evidence in evaluating whether the claimant satisfies the criteria for a listed impairment. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, (pt. A), § 3.00. It states:

> The listings in this section describe impairments resulting from respiratory disorders based on symptoms, physical signs, laboratory test abnormalities, and response to a regiment of treatment . . . .
>
> Because the symptoms are common to many other diseases, a thorough medical history, physical examination, and chest x-ray or other appropriate imaging techniques are required to establish pulmonary disease. Pulmonary function testing is required to assess the severity of the respiratory impairment once a disease process is established by appropriate clinical and laboratory findings.

7

. . .

>Respiratory impairments usually can be evaluated under these listings on the basis of a complete medical history, physical examination, a chest x-ray or other appropriate imaging techniques, and spirometric pulmonary function tests.

20 C.F.R. pt. 404, subpt. P, app. 1, (pt. A), § 3.00.

The ALJ's decision, read as a whole, establishes that the ALJ considered the appropriate factors in determining Plaintiff did not meet the requirements of any Listing. Although Plaintiff's lone pulmonary function test suggests Plaintiff may have partially satisfied the Listing (*see* R. 322), the ALJ cited substantial evidence to find Plaintiff's overall medical history failed to establish pulmonary disease that satisfied the Listing. First, Plaintiff's reactive airways disease, manifested by shortness of breath and wheezing, was deemed likely secondary to tobacco use. (R. 21.) Second, Plaintiff has not required any inpatient hospitalizations secondary to breathing problems and her asthmatic and bronchial exacerbations responded to smoking cessation and medication. *Id.* Third, Plaintiff was able to go as long as 17 months between exacerbations, and examinations between exacerbations revealed clear breath sounds. *Id.* Moreover, she continued to live independently, do housework, shop, manage her finances, interact with family members, babysit and work with little children—all while continuing to smoke. *Id.*

Given these findings, any failure to explicitly address Listing 3.02C was, at most, harmless error for which remand is inappropriate. *See Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) (holding harmless error not affecting the outcome does not merit remand); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").

Indeed, this case is much akin to *Alexander v. Astrue*, No. 07-4913, 2008 U.S. Dist. LEXIS 114172, at *28–29 (E.D. Pa. Aug. 5, 2008), in which the court concluded remand was inappropriate on remarkably similar facts.[1]

Plaintiff objects that, because the agency did not expressly consider Listing 3.02C, Judge Dohnal's conclusions regarding Listing 3.02C were "factual findings" not within the province of the Court. (Pl.'s Objections 1.) Plaintiff cites *Preston v. Heckler*, 769 F.2d 988 (4th Cir. 1985), for the proposition that "the Court cannot apply administrative criteria not considered by the Commissioner." (Pl.'s Objections 1.)

---

[1] While not binding, *Alexander v. Astrue*, No. 07-4913, 2008 U.S. Dist. LEXIS 114172 (E.D. Pa. Aug. 5, 2008), is instructive. In *Alexander*, the claimant argued the ALJ erred by failing to discuss and evaluate the results of a pulmonary function test which provided results below the level stated in Listing 3.02C. *Id.* at *24 The court found that, although the ALJ erroneously stated that the claimant's testing value was not equal to or less than the value specified in the Listing, remand was inappropriate because the ALJ also found that (1) claimant's asthma did not cause attacks in spite of prescribed treatment requiring physician intervention every two months; (2) progress reports indicated no exacerbations for an extended period; (3) a doctor's examination showed claimant's lung fields were clear; and (4) claimant never needed to go to the emergency room because of an attack. *Id.* at *28–*29.

*Preston* is inapposite. In *Preston*, the magistrate determined that the ALJ's finding was not supported by substantial evidence, yet went on to make his own finding that the claimant was not legally disabled because she failed to comply with a remedial treatment program. 769 F.2d at 989. The district court granted summary judgment to the defendant on that basis, and the Fourth Circuit reversed because no finding was made at the administrative level that the claimant was not complying with her prescribed treatment program. *Id.* at 990–91.

Whereas the magistrate in *Preston* made a finding of fact as to whether the claimant complied with a remedial treatment program, Judge Dohnal did not make any factual finding regarding Plaintiff's pulmonary function tests or condition. Rather, he examined the existing record evidence to determine whether the ALJ erred by not expressly addressing Listing 3.02C.

Moreover, Plaintiff herself raised the issue of Listing 3.02C to the magistrate, claiming that the ALJ erred by failing to explicitly address Listing 3.02C. It would have been impossible for Judge Dohnal to assess whether the ALJ erred in this regard without examining Listing 3.02C and the record evidence. Indeed, Judge Dohnal made this point clear in his R&R: "While the ALJ did not address the issue, it is nevertheless appropriate for this Court to do so in order to have a complete record. The issue has been raised by Plaintiff, but must be resolved against her, and therefore cannot form the basis for reversal or remand in any event." (R&R 7 n.6.)

Finally, contrary to Plaintiff's assertion, the Court is not only permitted to consider the whole record in reviewing the ALJ's decision, it is required to do so. *See Wilkins v. Sec'y Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991), *superseded on other grounds*, 20 C.F.R. § 404.1527.

Based on the record, Judge Dohnal concluded, "Although the ALJ did not expressly state Plaintiff was not disabled pursuant to Listing 3.02C, there is substantial evidence to support a finding that Plaintiff was not disabled as dictated by said Listing." (R&R 8.) The record indeed supports this determination. Plaintiff's objection is overruled.

### B. *The Magistrate Did Not Require Issue Exhaustion.*

Plaintiff argued to the magistrate that the ALJ erred by failing to consider all her alleged impairments. (*See* R&R 8–20.) The magistrate affirmed the Commissioner's decision. (R&R 2.) As to Plaintiff's obesity in particular, Judge Dohnal noted that Plaintiff "failed to raise her weight as a factor during the hearing before the ALJ[.]" (R&R 9.)

Plaintiff now objects that the magistrate improperly engrafted an issue-exhaustion requirement in contravention to *Sims v. Apfel*, 530 U.S. 103 (2000). Plaintiff claims the magistrate erroneously concluded Plaintiff "waived consideration of her obesity by not formally alleging" it. (Pl.'s Objections 2.)

Plaintiff misreads Judge Dohnal's stated rationale. Although the Supreme Court in

*Sims*, 530 U.S. at 105, 112, held that a judicially-created issue-exhaustion requirement is inappropriate where a claimant pursuing judicial review fails to include those issues in his request for review by the SSA Appeals Council, Judge Dohnal did not deem Plaintiff to have waived judicial review of her obesity argument. Rather, he explicitly reviewed the issue and concluded:

> [T]he ALJ is not required to assume or surmise that a circumstance or condition exists without the plaintiff first alleging that the condition or impairment is a source of cause of an alleged disability. To determine otherwise would require the ALJ to consider every detail of a claimant's medical record without a particular issue being raised, and draw conclusions about impairments that may not be relevant to the pending disability claim. Such an analysis would overly burden the ALJ and render the system ineffective. . . . [I]t is the claimant's responsibility to at least indicate which impairments allegedly caused or contributed to an alleged disability.

(R&R 9.)

In this case, Plaintiff alleged "rapid weight *loss*" as a symptom of impairment (R. 73, 110, 167) (emphasis added) and never raised her weight as a factor during the hearing before the ALJ (R. 26–52). Judge Dohnal did not require issue-exhaustion, but rather correctly noted that an ALJ need not examine conditions which, considering the claimant's own representations and allegations, do not appear relevant to the claimant's pending disability claim. This is simply not akin to *Sims*, which concerned waiver of issues not presented in a claimant's request for review by the SSA Appeals Council. *See Sims*, 530 U.S. at 105. Accordingly, Plaintiff's objection must be overruled.

*C. The ALJ Adequately Considered the State-Agency Psychological Consultant's Testimony and Was Not Required to Take Vocational Expert Testimony.*

Plaintiff couches her third objection in terms indicating that the the ALJ did not adequately consider the findings of a state-agency psychological consultant, but the crux of Plaintiff's argument appears to be that the ALJ was required to take vocational expert ("VE") testimony to assess whether Plaintiff could return to her past work. (*See* Pl.'s Objections 2.) Cast in either light, Plaintiff's argument fails.

The SSA's psychologist detemined Plaintiff to be "markedly impaired" in her ability to set realistic goals or plans independently of others (R. 348–49), but the record contained no evidence that Plaintiff's past relevant work as a security guard required such setting of goals or plans (R&R 23). According to Plaintiff's testimony and evidence, Plaintiff's job required writing, handling paperwork, and controlling surveillance monitors. (R. 48, 51, 157, 168.) Plaintiff also testified that different security jobs required activities such as watching security monitors, walking around shaking doorknobs, or driving a patrol vehicle for up to eight hours in a night. (R. 36.) Further, Plaintiff's Work History Report and Disability Report detailed that Plaintiff would walk for three and one half hours; stand for three hours; sit for two hours; and write, type, or handle small objects for one hour. (R. 158, 169.) Nothing in the record indicated whether Plaintiff needed to complete each task continuously, versus cumulatively, throughout the day. (*See* R. 39.)

The medical evidence showed that Plaintiff can perform simple, routine, repetitive work in a stable environment; understand, remember, and carry out simple instructions;

13

make simple decisions; maintain concentration and attention for extended periods of time; adapt to changes in the workplace; complete a normal workweek without exacerbation of psychological symptoms; and exercise appropriate judgment in the workplace, amongst other skills. (R 347–49.) Plaintiff also testified that she could only sit for twenty to thirty minutes, stand for fifteen to twenty minutes, and walk for fifteen to twenty minutes. (R. 39.)

Considering the evidence, the ALJ determined that Plaintiff could perform light work; occasionally climb, stoop, kneel, crouch, crawl, and work overhead with her right upper extremity; and use her right hand for gross manipulation and occasional fine manipulation (up to one-third of an eight-hour work day). (R. 19.) Ultimately, the ALJ concluded Plaintiff failed to establish she cannot perform her past relevant work.

Before the magistrate, Plaintiff argued that because the ALJ chose to forego vocational expert ("VE") testimony, Plaintiff's testimony was not sufficient to identify the demands of her past relevant work. (R&R 20.) In the same breath, Plaintiff acknowledged that the claimant is the primary source for establishing the demands of her past relevant work. (R&R 21–22.) Plaintiff now objects to the R&R on the ground that the ALJ was required to hear VE testimony to establish the demands of Plaintiff's prior work, because whether her past relevant work required setting goals or plans independently of others is "inscrutable" without such testimony. (Pl.'s Objections 2.)

Contary to Plaintiff's assertions, an ALJ may—but is not required to—take VE

testimony. *See* 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). Plaintiff's reliance on *Wilson v. Califano*, 617 F.2d 1050, 1053 (4th Cir. 1980), is misplaced. *Wilson* concerned an ALJ's decision at step five of the sequential evaluation, at which the issue is whether a significant number of jobs exist for an individual of the claimant's age, education, work experience, and RFC. *See* 20 C.F.R. §§ 404.1560(c), 416.960(c). But at step four—the step at issue here—the claimant remains the primary source of vocational documentation. 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2); *see also* Social Security Ruling 82-62. Considering the record evidence of Plaintiff's past relevant work and impairments, this Court finds the ALJ's decision supported by substantial evidence. Plaintiff's objection is overruled.

## IV. CONCLUSION

For the reasons stated above, this Court finds that the ALJ applied the correct legal standards and came to a conclusion supported by substantial evidence. Accordingly, Plaintiff's objections are OVERRULED and this Court hereby ADOPTS the R&R. Plaintiff's motions for summary judgment and remand are DENIED, Defendant's motion for summary judgment is GRANTED, and the Commissioner's final decision denying benefits to Plaintiff is AFFIRMED.

An appropriate Order will accompany this Memorandum Opinion.

                                                     /s/
                                      Henry E. Hudson
                                      United States District Judge

Date: Sept. 3, 2010
Richmond, VA